UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 06-109 (RWR) |
| : | |
| TYRONE LOFTEN, : | FILED |
| : | |
| Defendant. : | JUL 14 2006 |
| : | NANCY MAYER WHITTINGTON, CLERK |
| | U.S. DISTRICT COURT |

UNITE STATES' MOTION FOR LEAVE TO IMPEACH
WITH PRIOR CONVICTIONS PURSUANT TO RULE 609

COMES NOW, the United States of America, by and through the undersigned attorneys, and hereby submits it Motion for Leave to Impeach Defendant with Prior Convictions Pursuant to Rule 609. In support of the instant motion, the government would respectfully submit the following:

1. The defendant has been charged by way of indictment with Unlawful Possession With Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii); Unlawful possession With the Intent to Distribute Cannabis, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1); and Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

2. The defendant's prior convictions[1] are as follows:

---

[1] A copy of the defendant's convictions in F-12311-87 and CR-165 are attached hereto. The United States is still in the process of obtaining certified copies of defendant's other convictions.

(a) <u>Possession of PCP and Distribution of Marijuana</u>, F-12311-87, Superior Court for the District of Columbia, dated February 16, 1988. The defendant's probation in this case was revoked on October 12, 1988, and he was sentenced to one year in a half-way house.

(b) <u>Conspiracy to Possess With the Intent to Distribute Cocaine</u>, CR 95-165, United States District Court, dated November 6, 1995. The defendant was sentenced to sixty months of incarceration and three years of supervised release.

(c) <u>Possession with the Intent to Distribute PCP and Possession With the Intent to Distribute Marijuana</u>, F-7799-04, Superior Court for the District of Columbia.

3. Rule 609(a)(1) of the Federal Rules of Evidence provides for the admission of prior felony convictions, subject to the time restrictions of Rule 609(b), of a defendant for purposes of impeachment if the Court determines that the probative value outweighs any alleged prejudicial effect on the defendant. Here, the defendant's convictions qualify for admission under Rule 609 of the Federal Rules of Evidence.

4. In deciding whether the probative value of these convictions outweighs any alleged prejudicial effect, the Court should begin its analysis with the premise that all felony convictions, assuming that they comport with the time limitations, are at least somewhat probative of the defendant's credibility. <u>United States v. Lipscomb</u>, 702 F.2d 1049, 1062 (D.C. Cir. 1983)(en banc). Further, in construing Rule 609, the court of appeals held that a trial court has discretion to determine how much underlying information about the conviction, if any, it needs to consider in performing its analysis. <u>Lipscomb</u>, supra, 702 F.2d at 1051, 1073.

5. "Courts should be reluctant to exclude otherwise admissible evidence that would permit an accused to appear before a jury as a person whose character entitles to complete credence when

his criminal record stands as direct testimony to the contrary." United States v. Lewis, 626 F.2d 940, 950 (D.C. Cir. 1980). In Lewis, the defendant was charged with, inter alia, with distribution of phenmetrazine and, after taking the stand to testify on his own behalf, was impeached with a prior conviction for distributing drugs in violation of the Controlled Substances Act. 626 F.2d at 943, 947. The appellate court held it was not error for the district court to admit the defendant's prior conviction. Id. Moreover, the court reasoned that "[t]he fact that the prior felony conviction was for a narcotics offense, and the defendant was again being tried for a similar offense, does not render the prior conviction inadmissible." 626 F.2d at 950. The court went on to note that a limiting instruction could be given. Id.

6. Even assuming, arguendo, that every prior conviction carries some inherent prejudice to a testifying defendant, that prejudice by itself is not enough to preclude admission of the defendant's prior convictions here should the defendant decide to testify. In the event that he does decide to testify, the defendant's credibility will undoubtedly be a central issue for the jury. The probative value of the above-mentioned convictions, especially since they involve serious and recent offenses, in assessing the defendant's credibility clearly outweighs any potential prejudice to the defendant. This is particularly true in light of the fact that the Court can give a limiting instruction to the jury that would preclude use of this evidence for an improper purpose.

WHEREFORE, based upon the foregoing reasons and authorities, the United States respectfully requests that the United States' Motion for Leave to Impeach With Prior Convictions Pursuant to Rule 609 be granted in its entirety.

> Respectfully,
> KENNETH L. WAINSTEIN
> United States Attorney
>
>
> By: _____
> MICHAEL T. TRUSCOTT
> ASSISTANT UNITED STATES ATTORNEY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing United States' Motion for Leave to Impeach With Prior Convictions Pursuant to Rule 609 was caused to be served via United States Mail, postage prepaid, upon counsel of record for the defendant, David Bos, Federal Defender Service, this 14th day of July, 2006.

> _____
> MICHAEL T. TRUSCOTT