AO 245 S (Rev. 11/92)(D.C. ..v.) Sheet  Judgment in a Criminal Case                                    USm

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                                            Case Number CR 95-165    **FILED**

**TYRONE LOFTON**                                                       NOV 0 5 1995
Defendant.
                                                              Clerk, U.S. District Court
                                                                District of Columbia

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, TYRONE LOFTON, was represented by SANTHA SONENBERG.

The defendant pleaded guilty to count(s) ONE.
Accordingly, the defendant is adjudged guilty of such count(s), involving the following offense(s):

| TITLE & SECTION | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT NUMBER |
|---|---|---|---|
| 18 USC 371 | Conspiracy to Possess with the Intent to Distribute Cocaine Base | 6/14/95 | 1 |

As pronounced on November 3, 1995, the defendant is sentenced as provided in pages 2 through 4 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $ 50.00, for count(s) ONE, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 6th day of Nov., 1995

United States District Court
For the District of Columbia
A TRUE COPY
NANCY MAYER WHITTINGTON, Clerk
By Michael Darby 12-23-05
    Deputy Clerk

                                            GLADYS KESSLER
                                            United States District Judge

Defendant's Date of Birth: 4/28/68

United States District Court
for the District of Columbia
A TRUE COPY
NANCY MAYER-WHITTINGTON, Clerk
By Phyllis O Brown
        Deputy Clerk

AO 245 S (Rev. 11/92)(D.C. rev.) Sheet - Imprisonment

Judgment--Page 2 of 4

Defendant: TYRONE LOFTON
Case Number: CR 95-165

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 60 months.

The Court makes the following recommendations to the Bureau of Prisons: THAT DEFENDANT BE COMMITTED TO A FCI WITH DRUG TREATMENT PROGRAM.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

Defendant delivered on _1-29-96_ to _FMC, LEXINGTON, KY_
at _____, with a certified copy of this Judgment.

A. F. BEELER, WARDEN
United States Marshal

By _YK. Morrisa_
~~Deputy Marshal~~ CTC

AO 245 S (Rev. 11/92)(D.C.rev.) Sheet - Supervised Release

Judgment--Page 3 of 4

Defendant: TYRONE LOFTON
Case Number: CR 95-165

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1. If ordered to the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
2. If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.
3. The defendant shall not own or possess a firearm or destructive device.
4. That the defendant submit to drug testing on a weekly bases.
5. That the defendant maintain employment.
6. That the defendant participate in a drug after care program as designated by the Probation Office.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 11/92)(D.C. rev.) Sheet   Statement of Reasons

Judgment--Page 4 of 4

Defendant: TYRONE LOFTON
Case Number: CR 95-165

## STATEMENT OF REASONS

[X] The court adopts the factual findings and guideline application in the presentence report.

OR

[ ] The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: 29

Criminal History Category: II

Imprisonment Range: _____ to 60 months

Supervised Release Range: _____ to _____ years

Fine Range: $ 15,000 to $ 250,000

[X] Fine is waived or is below the guideline range, because of the defendant's inability to pay.

Restitution: $ _____

[ ] Full restitution is not ordered for the following reason(s):

[X] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

OR

[ ] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

OR

The sentence departs from the guideline range

[ ] upon motion of the government, as a result of defendant's substantial assistance.

[ ] for the following reason(s):