UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-109 (RWR) |
| | : | |
| TYRONE LOFTEN | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS PURSUANT TO RULE 41 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response in opposition to Defendant's Motion to Suppress Pursuant to Rule 41 of the Federal Rules of Criminal Procedure (the "Second Motion to Suppress"). In support of this opposition, the United States relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this matter:

1. The Government incorporates herein the statement of facts as previously stated in the United States' Opposition to Defendant's Motion to Suppress (Document No. 8 in the Court docket of the above captioned case). In addition, the Government asserts as follows: After Ms. Monica Cain was arrested, but prior to being transported, Ms. Cain requested additional clothing. The items in the safe, including marjuana, crack cocaine, a firearm and money, had already been observed in plain view. As officers obtained additional clothing for Ms. Cain, they observed additional drugs in the dresser. Ms. Cain was transported to the police district station, and officers remained at the premises until a search warrant was obtained. An additional bag of crack cocaine was observed in plain view beneath the dresser. The affiant, Metropolitan Police

Department Officer Walter Gilmore, obtained the warrant on April 7, 2005, and executed it at 229 54th Street, N.E., Washington, D.C., at approximately 1515 hours. Upon execution of the search warrant, Officer Gilmore left a copy of the warrant on the dining room table.

    2.    The defense filed it's Second Motion to Suppress on September 25, 2006, arguing that all evidence seized pursuant to the search warrant be suppressed as evidence in this case because the search warrant return was not properly executed pursuant to Fed. R. Crim. Pro. 41, and because the return was not signed by the Superior Court Judge who issued it. Noticeably, the defense cites no caselaw in favor of suppression. For the following reasons, the defendant's Second Motion to Suppress is without merit and should be denied.

    3.    Assuming, for purposes of argument, that Officer Gilmore did not properly execute the search warrant return in this case, such an error does not require the suppression of any evidence in this case. In <u>United States v. Gerald</u>, 5 F.3d 563, 566-567 (D.C. Cir. 1993), the Court of Appeals held that ministerial errors in the return of a search warrant do not provide grounds for the suppression of the evidence obtained pursuant to the warrant. The law from other Circuits is in accord that the failure to follow the requirements of Rule 41 of the Federal Rules of Criminal Procedure pertaining to inventory of objects seized pursuant to a search warrant and a prompt return to the court does not require invalidation of an otherwise properly issued and executed search warrant or the suppression of evidence acquired under it. See <u>United States v. Dudek</u>, 530 F.2d 684, 688 (6th Cir. 1976); <u>United States v. Kenney</u>, 457 F.2d 63, 67 (10th Cir. 1972) ("The overwhelming weight of authority in these jurisdictions is to the effect that the procedures required for return of a search warrant are ministerial and, absent a showing of prejudice, irregularities in such procedures will not serve to void an otherwise valid search.")

4.      Here, the defendant does not contend that the search warrant was issued inappropriately, i.e., without probable cause.  Nor does the defendant claim to have suffered prejudice of the kind that would require suppression of the evidence obtained during the execution of the search warrant.

WHEREFORE, the Government respectfully requests that the Court deny Defendant's Motion to Suppress.

                    Respectfully submitted,

                    JEFFREY A. TAYLOR
                    United States Attorney
                    Bar No. 498-610

By: _____
     Perham Gorji
     Assistant United States Attorney
     Delaware Bar No. 3737
     U.S. Attorney's Office
     555 4th Street, N.W., Rm. 4233
     Washington, D.C. 20530
     (202) 353-8822

<u>Certificate of Service</u>

I HEREBY CERTIFY that a copy of the foregoing was served by mail, first class and postage pre-paid, upon the attorney for the defendant, Bernard S. Grimm, Esq., 503 D Street, N.W., Suite 250, Washington, D.C.  20001,  this __6th__ day of October, 2006.

_____
Assistant United States Attorney