UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO.  06-109 |
| | : | |
| | : | Sentencing: April 20, 2007 |
| TYRONE LOFTEN, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**UNITED STATES' MOTION FOR
THREE POINT REDUCTION FOR ACCEPTANCE
OF RESPONSIBILITY
AND MEMORANDUM IN AID OF SENTENCING**

COMES NOW, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and hereby respectfully submits its Motion For Three-Point Reduction For Acceptance of Responsibility and Memorandum in Aid of Sentencing.  In support thereof, the United States would respectfully showing the following:

**Motion for Reduction**

A. Factual Summary of Offense

1. On April 7, 2005, members of the Capital Area Regional Fugitive Task Force went to 229 54th Street, N.E., Washington, D.C, to execute an arrest warrant for Monica Cain.  When the marshals knocked, Ms. Cain answered the door. Ms. Cain let the officers in and they explained why they were there.  As the marshals began to put Ms. Cain in handcuffs, she indicated that her boyfriend Tyrone was upstairs.  At the top of the stairs was a bedroom on the right side.

2. Someone called and "Tyrone" – who was later identified as Tyrone Loften – came down the stairs.  The defendant was seen coming out of the bedroom located at the top of the stairs.

-1-

3. The police later recovered in a safe approximately 60 grams of cocaine base, 200 grams of marijuana, a scale, United States Currency, razor blades, rubber gloves, and a Taurus 9mm handgun and magazine. The cocaine base was packaged in 44 ziplocks, located in a clear baggie. There were also five baggies of cocaine base. The marijuana was packaged in 154 ziplocks, located in a plastic bag. In addition to possessing the cocaine base itself, the manner in which the defendant packaged the cocaine base, through the use of a scale, razor blades, rubber gloves, and individual ziplocks constitute one of the overt acts in furtherance of the conspiracy.

4. The police then obtained a search warrant for the house. In the course of executing the search warrant, the police recovered more cocaine base that weighed approximately 150 grams. This cocaine base had not yet been broken down and placed into ziplocks.

5. The defendant subsequently gave a statement to the police wherein he admitted that the narcotics, as well as other contraband, found in the house belonged to him.

B. <u>Defendant's Acceptance of Responsibility</u>

6. The defendant expressed an early interest in entering into a plea. Because of the defendant's early acceptance of responsibility, also pursuant to the plea agreement, the United States was able to conserve valuable prosecution resources and the defendant is entitled to a three-point reduction for acceptance of responsibility pursuant to Section 3E1.1 of the United States Sentencing Guidelines.

**Memorandum in Aid of Sentencing**

7. Based on the information set forth in the Presentence Investigation Report (PSR), the defendant's base offense level is governed by the fact that defendant pled guilty and accepted responsibility for Conspiracy to Commit Possession With Intent to Distribute Cocaine Base. I light

of the amount of narcotics that were involved, as well as a firearm, the defendant's base offense level was determined to be 36. In the event that the Court grants the United States' motion for an additional point for acceptance of responsibility, the defendant's base offense level will be 33. Inasmuch as the defendant is a career offender, the applicable criminal history category is VI. Although the guideline range would normally be 235 to 293 months, the statute governing this offense carries a maximum sentence of 60 months. Moreover, pursuant to the terms of the plea offer in this case, the United States will not oppose a sentence of 60 months, with 24 months to run concurrently with the sentence that the defendant is serving in 2004-FEL-7799 in the Superior Court for the District of Columbia. The balance of 36 months should run consecutive to the sentence in 2004-FEL-7799.

8. According to the PSR, the defendant's criminal record goes back nearly two decades. In total, the defendant has five previous convictions, and they include four drug convictions. The defendant has also been arrested on two other occasions. The defendant now stands before the Court to be sentenced for his sixth conviction. This repeated criminal behavior demonstrates that the chances of rehabilitation for the defendant are dismal.

9. It is important for the Court to recall the circumstances under which the defendant was arrested. The defendant had over 200 grams of crack cocaine, 200 grams of marijuana, and a 9mm handgun.

10. This sentence is supported by the factors to be considered by courts as articulated in 18 U.S.C. § 3553(a). This provision provides, in pertinent part, that when fashioning a sentence, courts should consider:

(a). The circumstances surrounding the offense and defendant's criminal history: As

mentioned above, the defendant has several drug-related convictions. Here, the defendant was arrested for doing the exact same thing. Moreover, the defendant's criminal conduct now includes the possession of a handgun.

(b). The seriousness of the offense and the need to promote respect for the law and punishment: The combination of drugs and guns speak for themselves in terms of seriousness.

(c). Potential deterrence: A sentence of incarceration would demonstrate to the defendant, as well as others, that there are significant consequences when firearms are possessed in connection with narcotics.

(d). Protecting the public: The record amply demonstrates the need to protect the public from the defendant's criminal behavior. Indeed, this is the defendant's fifth drug conviction. In light of the fact that the defendant's criminal conduct now includes a handgun, there is a tremendous need to protect the community.

(e). The needs of the rehabilitative needs of the defendant: There are none. The defendant is committed to engaging in criminal behavior. The reason is simple. The defendant chooses to engage in this behavior.

        Respectfully,
        JEFFREY A. TAYLOR
        United States Attorney


        By: _____
        MICHAEL T. TRUSCOTT
        ASSISTANT UNITED STATES ATTORNEY
        Member of the New York Bar
        Federal Major Crimes Section
        United States Attorney's Office
        555 Fourth Street, N.W., Room 4237
        Washington, D.C. 20530
        Phone: (202) 514-7533
        Fax: (202) 514-6010